**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**JEROME BANKS,**
130 M Street, NE
Washington, DC  20002

     *Plaintiff,*

     **v.**

**AAA CLUB ALLIANCE INC.,**
1 River Place
Wilmington, DE  19801

     *Defendant.*

Civil Action No. __**1:26-cv-00040**__

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, Defendant AAA Club Alliance Inc. ("AAA" or "Defendant") hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Defendant bases its removal on the following grounds:

**I.    REMOVAL IS TIMELY**

1.    On November 19, 2025, Plaintiff Jerome Banks filed a complaint in the Superior Court for the District of Columbia, captioned *Jerome Banks v. AAA Club Alliance, Inc.* Case No. 2025-CAB-007665. A copy of the Complaint is attached hereto and marked as **Exhibit A**. A copy of the Summons is attached hereto and marked as **Exhibit B**.

2.    The District of Columbia Superior Court issued an Initial Order. True and correct copies of those and other related District of Columbia Superior Court filings are included as **Exhibit C.**

3.    Defendant was served with a copy of the Complaint on or about December 11, 2025.

4.      Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after service of summons upon it.

5.      The deadline to file a removal in this matter is 30 days after Defendant accepted service of the initial pleading, which is January 12, 2026. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added). This Notice of Removal is timely and compliant with 28 U.S.C. §§ 1441 and 1446.

## II.     THE COURT HAS ORIGINAL JURSIDICTION OVER PLAINTIFF'S CLAIMS – FEDERAL QUESTION

6.      This Court has original jurisdiction over this action based on federal questions pursuant to 28 U.S.C. §1331, and this action is therefore properly removable under 28 U.S.C. 1441(a). A civil action brought in a State court may be removed by a defendant to a federal District Court if the District Court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The Superior Court for the District of Columbia is considered a "State court" within the District of Columbia. *See* 28 U.S.C. § 1451. The District of Columbia is considered a State for purposes of removal. *See* 28 U.S.C. § 1451. Therefore, venue is proper in the United States District Court for the District of Columbia.

7.      This Court possesses original (federal question) jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, which gives the Court "original jurisdiction over all civil actions arising under the laws of the United States."

8.      Plaintiff asserts alleged violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"). *See* **Exhibit A**, Complaint. This falls squarely into this Court's jurisdiction under 28 U.S.C. § 1331. Thus, This Court possesses original (federal question)

jurisdiction over Plaintiff's retaliation and discrimination claims pursuant to 28 U.S.C. § 1331, which gives the Court "original jurisdiction over all civil actions arising under the laws of the United States."

## III.    THE COURT POSSESS DIVERSITY JURSIDCTION OVER THE LAWSUIT

9.    This Court also has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

10.    "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2007) (quotations and citations omitted).

11.    Plaintiff is a citizen of the District of Columbia. *See* **Ex. A**, at p. 1 (Plaintiff listing his address as 130 M Street NE, Washington D.C.); *id.* at p. 1.

12.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the Delaware and is thereby a citizen of said state. In addition to being incorporated in Delaware, Defendant's principal place of business is also located in Delaware. Consequently, AAA is a citizen of Delaware. *See Hertz v. Friend*, 559 U.S. 77, 78-79 (2010) (for purposes of diversity jurisdiction, a corporation's "principal place of business" is normally the location of its headquarters).

13.    As this Circuit recognized, the nerve-center test, as laid out by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is the proper test for determining a corporation's principal place of business. To determine a company's principal place of business, courts look at:

> the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the

> "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 23 (D.C. 2016) (quoting *Hertz*, 559 U.S. at 92-93.

14. Here, at all times relevant, Defendant's principal place of business is its headquarters, which is located in Delaware. Defendant's direction, control, and coordination come from its headquarters.

15. Accordingly, because Defendant is a citizen of Delaware and Plaintiff is a citizen of the District of Columbia, diversity jurisdiction is established.

16. Plaintiff seeks back pay, front pay, compensatory damages, liquidated damages, and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00). *See* **Ex. A**.

17. Accordingly, because diversity citizenship exists and the amount-in-controversy exceeds $75,000, removal to this court is proper pursuant to 28 U.S.C. § 1332(a).

18. Additionally, the state law claims are also removable to this Court under 28 U.S.C. § 1441(c), which establishes this Court's supplemental jurisdiction. State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact... such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V.* Gibbs, 383 U.S. 715, 725 (1966).

19. Here, the Plaintiff's state claims all arise out of the same common nucleus of operative fact. Mainly, these claims stem from the Plaintiff's employment at the Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to District of Columbia law.

20. Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk

of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing

Notice of Removal attached hereto as **Exhibit D**.

21.    By removing this matter, Defendant does not waive or intend to waive any defense.

## CONCLUSION

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this

Court exercise original jurisdiction over this action so that the entire court action under Civil

Action Number 2025-CAB-007665, now pending in the Superior Court for the District of

Columbia, is removed to this Court for all further proceedings.

Dated:  January 8, 2026                    Respectfully submitted,

                                    */s/ Ajente Kamalanathan*
                                    Ajente Kamalanathan, D.C. Bar No. 1026178
                                    OGLETREE, DEAKINS, NASH,
                                     SMOAK & STEWART, P.C.
                                    1909 K Street, N.W., Suite 1000
                                    Washington, DC 20006
                                    Tel:  (202) 887-0855
                                    Fax:  (202) 887-0866
                                    ajente.kamalanathan@ogletreedeakins.com

                                    *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 8th day of January 2026, with a copy served by electronic mail and United States mail, postage prepaid to:

Gian Marco Fanelli
HKM Employment Attorneys, LLP
1325 G Street NW, Suite 558
Washington, D.C.  20005
(202) 978-3272
gfanelli@hkm.com

*Counsel for Plaintiff*

Respectfully submitted,

 */s/ Ajente Kamalanathan*
Ajente Kamalanathan, D.C. Bar No. 1026178
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
ajente.kamalanathan@ogletreedeakins.com

*Counsel for Defendant*

6